UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

**In re:**

**Kent T. Schwickert,** **Case No. 26-32402**

**Debtor.** **Chapter 11**

**SUBCHAPTER V TRUSTEE'S JOINDER OF THE UNITED STATES TRUSTEE'S OBJECTION TO DESIGNATION**

---

Mary Sieling, the subchapter V trustee, submits this joinder to the objection to small business designation and subchapter V election, filed by the United States Trustee, ECF No. 48. The subchapter V trustee hereby joins and adopts, as though fully set forth herein, the objection.

In addition, the subchapter V trustee submits the following in objection to small business designation and the subchapter V election. The plain language of 11 U.S.C. § 101(51)(D) requires consideration of the debts as they exist as of the petition date, irrespective of postpetition events. The majority of courts hold that a state court judgment against a debtor that is on appeal or is subject to an appeal as of petition date is not contingent even though it may be disputed. *See, e.g., In re Albano,* 55 B.R. 363 (N.D.Ill.1985); *In re Johnson,* 191 B.R. 184 (Bankr.D.Ariz.1996); *In re Weller,* 189 B.R. 467 (Bankr.E.D.Wis.1995).

In *In re Articon Hotel Services LLC*, 676 B.R. 184 (Bankr. N.D. Ill 2025), the court considered whether judgment pending a post-trial motion to vacate counted toward the debt limit for Subchapter V eligibility. It found that it did, saying:

> [W]hile the state court decision in Baldwin's favor wasn't technically "final" even at the trial level, and trial court losers like the Debtor also have a right to appeal, the limited uncertainty created by the semi-limbo status of Baldwin's suit goes to the *disputed* nature of the claim and not to whether it is liquidated or contingent. *Id* at 189.

Here, the Debtor's right to appeal and the pending decision on attorneys fees, does not exclude the judgment of $11,780,358.05 from the debt limit calculation under section 101(51D).

**WHEREFORE**, for the reasons set forth herein and in the objection of the United States Trustee, the subchapter V trustee requests that the court grant the objection and disallow the subchapter V election in this case.

Dated: October 5, 2026.

SIELING LAW, PLLC

By: s/ *Mary F. Sieling*

Mary F. Sieling (#389893)
12800 Whitewater Dr, Suite 100, # 3201
Minnetonka, MN 55343
(612) 325-1191
mary@sielinglaw.com

**Subchapter V Trustee**